## Civil Remedy Notice of Insurer Violations

| | |
|---|---|
| Filing Number: | 260470 |
| Filing Accepted: | 7/2/2014 |

Warning! Information submitted as part of this civil remedy notice is a public record. Data entered into this form will be displayed on the DFS website for public review. Please DO NOT enter Social Security Numbers, personal medical information, personal financial information or any other information you do not want available for public review.

☑ The submitter hereby states that this notice is given in order to perfect the rights of the person(s) damaged to pursue civil remedies authorized by Section 624.155, Florida Statutes.

### Complainant

| | |
|---|---|
| Name: | CHICKEN KITCHEN USA, LLC |
| Street Address: | 10800 BISCAYNE BLVD., 820 |
| City, State Zip: | MIAMI, FL  33161 |
| Email Address: | |
| Complainant Type: | Third Party |

### Insured

| | |
|---|---|
| Name: | THREE CHEFS AND A CHICKEN, INC. |
| Policy #: | |
| Claim #: | 839425 |

### Attorney

| | |
|---|---|
| Name: | GABRIEL E ESTADELLA |
| Street Address: | 100 S.E. 2ND ST., STE. 2700 |
| City, State Zip: | MIAMI, FL  33131 |
| Email Address: | GESTADELLA@ZARCOLAW.COM |

### Notice Against

| | |
|---|---|
| Insurer Type: | Authorized Insurer |
| Name: | MAIDEN SPECIALTY INSURANCE COMPANY |
| Street Address: | |
| City, State Zip: | , |

Please identify the person or persons representing the insurer who are most responsible for/knowledgeable of the facts giving rise to the allegations in this notice.

| | |
|---|---|
| Type of Insurance: | Commercial Property & Casualty |

EXHIBIT "C"

DFS-10-363
Rev. 11/2007

## Civil Remedy Notice of Insurer Violations

Filing Number:   260470

### Reason for Notice

Reasons for Notice:

**Claim Denial**

**PURSUANT TO SECTION 624.155, F.S.** please indicate all statutory provisions alleged to have been violated.

| | |
|---|---|
| 624.155(1)(b)(1) | Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests. |
| 626.9541(1)(i)(3)(a) | Failing to adopt and implement standards for the proper investigation of claims. |
| 626.9541(1)(i)(3)(b) | Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue. |
| 626.9541(1)(i)(3)(d) | Denying claims without conducting reasonable investigations based upon available information. |

Reference to specific policy language that is relevant to the violation, if any. If the person bringing the civil action is a third party claimant, she or he shall not be required to reference the specific policy language if the authorized insurer has not provided a copy of the policy to the third party claimant pursuant to written request.

SECTION I - COVERAGES

COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY

1. INSURING AGREEMENT

A. WE WILL PAY THOSE SUMS THAT THE INSURED BECOMES OBLIGATED TO PAY AS DAMAGES BECAUSE OF "PERSONAL AND ADVERTISING INJURY" TO WHICH THIS INSURANCE APPLIES. WE WILL HAVE THE RIGHT AND DUTY TO DEFEND THE INSURED AGAINST ANY "SUIT" SEEKING THOSE DAMAGES....

"PERSONAL AND ADVERTISING INJURY" IS DEFINED AS:

14. "PERSONAL AND ADVERTISING INJURY" MEANS INJURY, INCLUDING CONSEQUENTIAL, "BODILY INJURY", ARISING OUT OF ONE OR MORE OF THE FOLLOWING OFFENSES:

G. INFRINGING UPON ANOTHER'S COPYRIGHT, TRADE DRESS OR SLOGAN IN YOUR "ADVERTISEMENT".

ADVERTISEMENT IS DEFINED AS:

1. "ADVERTISEMENT MEANS A NOTICE THAT IS BROADCAST OR PUBLISHED TO THE GENERAL PUBLIC OR SPECIFIC MARKET SEGMENT ABOUT YOUR GOODS, PRODUCTS OR SERVICES FOR THE PURPOSE OF ATTRACTING CUSTOMERS OR SUPPORTERS. FOR THE PURPOSES OF THIS DEFINITION:

A. NOTICES THAT ARE PUBLISHED INCLUDE MATERIAL PLACED ON THE INTERNET OR ON SIMILAR ELECTRONIC MEANS OF COMMUNICATION.

To enable the insurer to investigate and resolve your claim, describe the facts and circumstances giving rise to the insurer's violation as you understand them at this time.

A LAWSUIT WAS FILED IN STATE COURT ON FEBRUARY 9, 2012 AND REMOVED TO THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA ON MARCH 5, 2012, ENTITLED CHICKEN KITCHEN USA, LLC V. THREE CHEFS AND A CHICKEN, INC., ET AL., NO. 12-CV-20891-PCH. CHICKEN KITCHEN BROUGHT SUIT AGAINST THREE CHEFS AND A CHICKEN, INC., RUDYARD A. MCDONNOUGH, RUDYARD MCDONNOUGH, JR., AND RICHARD MCDONNOUGH, AND THE MCDONNOUGHS' INVESTMENT GROUP, INC., CONCERNING THE OPERATION OF A RESTAURANT. CHICKEN KITCHEN BROUGHT CLAIMS AGAINST THREE CHEFS AND THE MCDONNOUGHS FOR BREACH OF CONTRACT, MISAPPROPRIATION OF TRADE SECRETS, INJURY TO BUSINESS REPUTATION, TRADE DRESS INFRINGEMENT, UNFAIR COMPETITION, AND VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, FLA. STAT. §§ 501.201-213.

THREE CHEFS AND THE MCDONNOUGHS DEMANDED THAT MAIDEN PROVIDE THEM A DEFENSE. MAIDEN DENIED A DEFENSE TO CERTAIN OF THE MCDONNOUGHS AND TO THE MCDONNOUGHS' INVESTMENT GROUP, INC. ON THE GROUND THAT THEY WERE NOT NAMED INSUREDS UNDER THE POLICY. MAIDEN AGREED TO DEFEND THREE CHEFS UNDER A RESERVATION OF RIGHTS CONCERNING COVERAGE AND INDEMNIFICATION, THE EQUIVALENT OF A COVERAGE DENIAL UNDER FLORIDA LAW. THE INSUREDS LAWFULLY REJECTED THE TERMS OF THAT DEFENSE.

ON JULY 25, 2012, MAIDEN FILED A COMPLAINT FOR DECLARATORY RELIEF IN THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA, ENTITLED MAIDEN SPECIALTY INSURANCE COMPANY V. THREE CHEFS AND A CHICKEN, INC., ET AL., CASE NO. 12-CV-22724-JAL, SEEKING A DECLARATORY JUDGMENT TO DETERMINE WHETHER ITS INSURANCE POLICY PROVIDED LIABILITY COVERAGE TO THREE CHEFS AND THE MCDONNOUGHS.

THE PARTIES TO THE UNDERLYING LAWSUIT THEREAFTER SETTLED THAT FIRST LAWSUIT ON OCTOBER 25, 2012, CONSENTING TO THE ENTRY OF FINAL JUDGMENT FOR TRADE DRESS INFRINGEMENT "RELATING TO [THREE CHEFS'] UNPRIVILEGED IMITATION OF THE OVERALL DESIGN AND APPEARANCE, STYLE OF OPERATION, WEBSITES AND MEANS OF [CHICKEN KITCHEN] CARRIED OUT IN THE COURSE OF [THREE CHEFS'] ADVERTISING TO ATTRACT AND MAINTAIN THE GENERAL PUBLIC AS CUSTOMERS FOR ITS GOODS AND SERVICES," AND TO THE DISMISSAL OF ALL OTHER PENDING COUNTS. CHICKEN KITCHEN WAS ASSIGNED THE RIGHTS OF THE INSUREDS AGAINST MAIDEN.

ON NOVEMBER 20, 2012, U.S. DISTRICT JUDGE PAUL C. HUCK ENTERED AN ORDER ACCEPTING THE CONSENT FINAL JUDGMENT.

| Comments | | |
|---|---|---|
| User Id | Date Added | Comment |
| | | |

DFS-10-363
Rev. 11/2007