## ASSIGNMENT, SETTLEMENT AGREEMENT, AND COVENANT NOT TO EXECUTE OR RECORD

For ten dollars ($10.00) and other good and valuable consideration, the receipt of which is hereby acknowledged by the parties, the undersigned Plaintiff Chicken Kitchen USA, LLC ("CK"), Counter-Defendant Christian Mahe De Berdouare ("De Berdouare"), and Defendants Three Chefs and a Chicken, Inc. d/b/a Three Chefs and a Chicken (also Counter-Plaintiff) ("TCC"); The McDonnough's Investment Group, Incorporated; Rudyard A. McDonnough, Rudyard McDonnough, Jr., and Richard McDonnough (the individual defendants collectively "McDonnoughs"); (all Defendants collectively "Defendants"), do agree as follows:

1. With respect to the civil action Case No. 12-20891-CIV-HUCK/BANDSTRA, currently pending before the United States District Court for the Southern District of Florida, and styled generally, *Chicken Kitchen USA, LLC v. Three Chefs and a Chicken, Inc., et al.*, CK, De Berdouare and the Defendants, acknowledge, stipulate and agree that CK suffered injuries, damages and losses as a direct result of the matter alleged in CK's operative, second amended complaint as it pertains to Count V, trade dress infringement, relating to TCC's unprivileged imitation of the overall design and appearance, style of operation, websites and menus of CK carried out in the course of TCC's advertising to attract and maintain the general public as customers for its goods and services. In an effort to compensate CK adequately for its losses which include, among other losses, past and future lost sales, and profits of TCC, Defendants hereby agree that final judgment will be entered in favor of CK against TCC in the sum of one million, two hundred thousand dollars ($1,200,000.00). All parties agree that $1,200,000.00 is a fair, reasonable and adequate sum for past and future damages for the trade dress infringement count including all aspects arising out of TCC's

Exhibit "T"

MAIDEN 01553

advertising. The parties agree that all other counts of CK, and the counterclaim brought by TCC are to be dismissed, with prejudice, and that no party shall anything from those counts and the counterclaim. It is further agreed that CK shall take nothing from the McDonnough's for any of the counts, and that all counts against them individually are to be dismissed with prejudice. It is also further agreed by CK and De Berdouare, or anyone acting in concert or participation with them, that they will cease and desist from any activity or involvement whatsoever, including the filing or service of any papers, in connection with the pending bankruptcy action, *In re: Rudyard Alfred McDonnough*, Case No. 12-15335-AJC, before the United States Bankruptcy Court for the Southern District of Florida.

2. It is agreed that TCC will and hereby does give an assignment to CK of the right, title and interest in the commercial general liability insurance policy held with Maiden Specialty Insurance Company ("Maiden"), and/or its related companies held by TCC which existed and was in effect on the date of the matter described in CK's operative complaint and which provided or may have provided coverage for the matter(s) giving rise to this action. The assignment is given in exchange and in consideration for entry of judgment as set forth in Paragraph 1 above against TCC. It is further acknowledged by the Defendants that Maiden has issued a reservation of rights letter which empowered insured Defendants to reject the defense and take control of the resolution of the action. It is still further acknowledged by Defendants that Maiden has brought a complaint for declaratory relief before the United States District Court for the Southern District of Florida, Case No. 12-22724-CIV-LENARD/O'SULLIVAN, generally captioned *Maiden Specialty Insurance Company v. Three Chefs and a Chicken, Inc. et al.*, to adjudicate indemnification under TCC's insurance

MAIDEN 01554

policy. This Assignment, Settlement Agreement, and Covenant Not to Execute or Record does not include Defendants' claim against their insurer Maiden, for payment and/or reimbursement of all of Defendants' costs and attorney fees incurred in this action, or the declaratory relief action. TCC agrees to cooperate with all reasonable requests by CK or its counsel to assist in the prosecution of the claim against Maiden including providing witnesses to testify by deposition and at trial.

3. Notwithstanding the above-described entry of final judgment and assignment of rights, it is further agreed that upon the conclusion, resolution, and/or abandonment of all claims by CK against TCC's insurance carrier, Maiden, and/or its related companies, a covenant not to sue for trade dress infringement in favor of all Defendants and their assigns shall be immediately executed by CK and De Berdouare, and delivered to TCC. If for any reason this agreement is declared void or unenforceable for any reason under Florida law, CK and De Berdouare will nonetheless forthwith issue the covenant not to sue in favor of the Defendants and their assigns. The parties acknowledge that TCC might, at its sole discretion, open additional restaurants, and that CK and De Berdouare acknowledge that the aforementioned covenant not to sue for trade dress infringement covers said additional restaurants. It is this acknowledgment and understanding that the parties have taken into consideration, in part, in arriving at the consent final judgment amount of $1,200,00.00. As further consideration therefore, over and above the judgment amount of $1,200,00.00, the Defendants and/or their assigns agree not to open additional restaurants for one year from the date of this Assignment, Settlement Agreement, and Covenant Not to Execute or Record.

4. Notwithstanding the above-described entry of final judgment and assignment of rights, it is

3

MAIDEN 01555

further agreed that upon the conclusion, resolution, and/or abandonment of all claims by CK against TCC's insurance carrier, Maiden, and/or its related companies, a satisfaction of judgment in favor of TCC shall be immediately executed by CK and delivered to TCC. If for any reason this agreement is declared void or unenforceable for any reason under Florida law, CK will nonetheless forthwith issue the satisfaction of judgment in favor of TCC. CK will not at any time record said consent final judgment against TCC, or make any attempt to satisfy the above-described consent final judgment against TCC by execution, attachment, levy, garnishment or otherwise against any real or personal property which TCC now owns or will ever own, and any attempt to recover from TCC will be deemed null and void as a result of the agreement contained herein. CK will not record or file any judgment lien or uniform commercial code filing whatsoever, but this does not impair CK's right and ability to file this document with the clerk of court for the Southern District of Florida, or any court of competent jurisdiction, in any actual or potential suit against Maiden and/or its related companies.

5. With respect to the claims of CK against the Defendants, and TCC's counterclaim against CK and De Berdouare, this Assignment, Settlement Agreement, and Covenant Not to Execute or Record is not intended to fully release CK's claim of trade dress infringement against Defendants at this date, but will act as a full satisfaction and release of the Defendants at the conclusion of all litigation and proceedings against Maiden and/or its related companies, for collection of the final judgment amount set forth in Paragraph 1 above. There currently exists a controversy concerning the applicability of insurance coverage that TCC believes should cover it for this claim of trade dress infringement. The

4

MAIDEN 01556

parties contend that this controversy prevents the full satisfaction and settlement of the claims of CK against the Defendants at this time. The parties to this Assignment, Settlement Agreement, and Covenant Not to Execute or Record agree there will be no additional recovery or liability for sums due from Defendants. In the event there is no recovery made by CK against the insurance carrier for TCC, Maiden and/or its related companies, CK agrees that this Assignment, Settlement Agreement, and Covenant Not to Execute or Record shall constitute a full and complete release against all parties by the others, and the parties will execute a general release in favor of the other parties.

6. It is contemplated by the parties that this agreement is controlled by and in conformance with *Shook v. Allstate Insurance Company*, 498 So. 2d 498 (Fla. 4th DCA 1986)(*reh. & reh. en banc denied*), and *Steil v. Florida Physicians' Insurance Reciprocal*, 448 So. 2d 589 (Fla. 2nd DCA 1984). It is further agreed that the assignment of any right to CK by this agreement occurred prior to any release granted, or prior to any satisfaction of any consent final judgment, in accordance with the sequence of settlement performance to occur consistent with the holding of *Fidelity and Casualty Company of New York v. Cope*, 462 So. 2d 459 (Fla. 1985); and that a separate general release will be executed by the parties at the conclusion of any litigation between CK and Maiden and/or its related companies to recover the consent judgment amount hereinabove described.

7. The parties acknowledge that this Assignment, Settlement Agreement, and Covenant Not to Execute or Record supercedes any other prior agreements between them; and any said prior agreements are hereby declared null and void and of no effect whatsoever. The parties agree that although this agreement was mutually entered into, this document was drafted by CK.

5

MAIDEN 01557

The parties agree that this document shall be construed pursuant to Florida law.

8. The parties to this Assignment, Settlement Agreement, and Covenant not to Execute or Record stipulate and agree that their intent is to enter into an enforceable Coblentz Agreement under Florida law.

9. The Defendants have stated to CK and De Berdouare that they have a general comprehensive liability insurance policy with Maiden and/or its related companies which was in effect as of June 28, 2011, and did not carry any other coverage for the claims described in CK's operative complaint. The Defendants have also stated to CK and De Berdouare that Maiden and/or its related companies have issued a reservation of rights letter in this matter, empowering the insured Defendants to reject defense counsel provided by the carrier which they did, and to have full authority and control over the defense of this action, including its settlement, in accordance with Florida law. CK and De Berdouare have relied on these statements of Defendants in entering into this agreement.

6

MAIDEN 01558

**IN WITNESS WHEREOF**, the undersigned have hereunto set their hands and/or seals.

_____
Witness

_____
CHICKEN KITCHEN USA, LLC

By:_____
Christian Mahe De Berdouare, President and CEO

_____
Witness

Date: 10 / 17 / 2012

The foregoing instrument was duly sworn to and acknowledged before me this 17 day of October, 2012, by Christian Mahe De Berdouare, President and CEO for Chicken Kitchen USA, LLC, who is personally known to me or who produced the following identification: personally known, and who did take an oath.

_____
Notary Public, State of Florida

My commission expires: February 12, 2016


NADIA DI NESTA
MY COMMISSION # EE167116
EXPIRES February 12, 2016

7

MAIDEN 01559

_____
Witness

CHRISTIAN MAHE DE BERDOUARE

_____
Witness

Date: 10/17/2012

The foregoing instrument was duly sworn to and acknowledged before me this 17 day of October, 2012, by Christian Mahe De Berdouare who is personally known to me or who produced the following identification: personally known, and who did take an oath.

_____
Notary Public, State of Florida

My commission expires: February 12, 2016



NADIA DI NESTA
MY COMMISSION # EE167116
EXPIRES February 12, 2016
(407) 398-0153  FloridaNotaryService.com

8

MAIDEN 01560

_____  _____
Witness                    RUDYARD A. MCDONNOUGH

Date: 10/22/12
_____
Witness

        The foregoing instrument was duly sworn to and acknowledged before me this **22** day of **October**, 2012, by Rudyard A. McDonnough personally known to me or who produced the following identification: _____, and who did take an oath.

_____
Justice of the Peace
~~Notary Public, State of Florida~~

My commission expires: 09/26/2015

_____  _____
Witness                    RUDYARD MCDONNOUGH, JR.

Date: 10/24/2012
_____
Witness

        The foregoing instrument was duly sworn to and acknowledged before me this **24** day of **October**, 2012, by Rudyard McDonnough, Jr. personally known to me or who produced the following identification: _____, and who did take an oath.

_____
Notary Public, State of Florida

ROXANA GONZALEZ
MY COMMISSION # EE 133514
EXPIRES: September 26, 2015
Bonded Thru Budget Notary Services

MAIDEN 01561

| | |
|---|---|
| _____ Witness | _____ RICHARD MCDONNOUGH |
| _____ Witness | Date: 10·25·12 |

The foregoing instrument was duly sworn to and acknowledged before me this 25 day of October, 2012, by Richard McDonnough personally known to me or who produced the following identification: Personally Known, and who did take an oath.

ROXANA GONZALEZ
MY COMMISSION # EE 133514
EXPIRES: September 26, 2015
Bonded Thru Budget Notary Services

_____
Notary Public, State of Florida

My commission expires: 09/26/2015

10

MAIDEN 01562

Witness

| | |
|---|---|
| Witness | THE MCDONNOUGH'S INVESTMENT GROUP, INCORPORATED, a dissolved Florida Corporation |
| | By: _____ |
| | Richard McDonnough, Last Named Vice President |
| | Date: 10·25·12 |

The foregoing instrument was duly sworn to and acknowledged before me this 25 day of October, 2012, by Richard McDonnough, last named Vice President for The McDonnough's Investment Group, Incorporated, who is personally known to me or who produced the following identification: Personally Known , and who did take an oath.

ROXANA GONZALEZ
MY COMMISSION # EE 133514
EXPIRES: September 26, 2015
Bonded Thru Budget Notary Services

Notary Public, State of Florida

My commission expires: 09/26/2015

11

MAIDEN 01563

| Witness | THREE CHEFS AND A CHICKEN, INC. |
|---|---|
| | By: _____ |
| | Richard McDonnough, Pres. |
| Witness | Date: 10-25-12 |

The foregoing instrument was duly sworn to and acknowledged before me this 25 day of October, 2012, by Richard McDonnough, President for The Three Chefs and a Chicken, Inc., who is personally known to me or who produced the following identification: Personally Known and who did take an oath.

ROXANA GONZALEZ
MY COMMISSION # EE 133514
EXPIRES: September 26, 2015
Bonded Thru Budget Notary Services

Notary Public, State of Florida

My commission expires: 09/26/2015

12

MAIDEN 01564

## RATIFICATION OF AGREEMENT UPON CONSENT FINAL JUDGMENT ENTRY

**IN WITNESS WHEREOF**, the undersigned have hereunto set their hands and/or seals.

_____  
Witness

_____  
CHICKEN KITCHEN USA, LLC

_____  
Witness

By:_____  
Christian Mahe De Berdouare, President and CEO

Date: 10/17/2012

The foregoing instrument was duly sworn to and acknowledged before me this 17 day of October, 2012, by Christian Mahe De Berdouare, President and CEO for Chicken Kitchen USA, LLC, who is personally known to me or who produced the following identification: personally known, and who did take an oath.

_____  
Notary Public, State of Florida

My commission expires: February 12, 2016



NADIA DI NESTA  
MY COMMISSION # EE167115  
EXPIRES February 12, 2016

13

MAIDEN 01565

_____
Witness

_____
Witness

_____
CHRISTIAN MAHÉ DE BERDOUARÉ

Date: 10 / 17 / 2012

    The foregoing instrument was duly sworn to and acknowledged before me this 17 day of October, 2012, by Christian Mahe De Berdouare who is personally known to me or who produced the following identification: personally known, and who did take an oath.

_____
Notary Public, State of Florida

My commission expires: February 12, 2016



NADIA DI NESTA
MY COMMISSION # EE167116
EXPIRES February 12, 2016
(407) 398-0153  FloridaNotaryService.com

14

MAIDEN 01566

_____  _____
Witness                    RUDYARD A. MCDONNOUGH

Date: 10/25/2012
_____
Witness

The foregoing instrument was duly sworn to and acknowledged before me this 25 day of October, 2012, by Rudyard A. McDonnough personally known to me or who produced the following identification: _____, and who did take an oath.

_____
Justice of the Peace
~~Notary Public, State of Florida~~

My commission expires: 09/24/2015

_____  _____
Witness                    RUDYARD MCDONNOUGH, JR.

ROXANA GONZALEZ
MY COMMISSION # EE 133514
EXPIRES: September 26, 2015
Bonded Thru Budget Notary Services

Date: 10/24/2015
_____
Witness

The foregoing instrument was duly sworn to and acknowledged before me this 24 day of October, 2012, by Rudyard McDonnough, Jr. personally known to me or who produced the following identification: Personally Known, and who did take an oath.

ROXANA GONZALEZ
MY COMMISSION # EE 133514
EXPIRES: September 26, 2015
Bonded Thru Budget Notary Services

_____
Notary Public, State of Florida

MAIDEN 01567

_____  
Witness

_____  
Witness

_____  
RICHARD MCDONNOUGH

Date: 10-25-12

The foregoing instrument was duly sworn to and acknowledged before me this 26 day of October, 2012, by Richard McDonnough personally known to me or who produced the following identification: Personally Known, and who did take an oath.

ROXANA GONZALEZ  
MY COMMISSION # EE 133514  
EXPIRES: September 26, 2015  
Bonded Thru Budget Notary Services

_____  
Notary Public, State of Florida

My commission expires: 09/26/2015

16

MAIDEN 01568

Witness

Witness

THE MCDONNOUGH'S INVESTMENT GROUP, INCORPORATED, a dissolved Florida Corporation

By: _____
Richard McDonnough, Last Named Vice President

Date: 10·25·12

The foregoing instrument was duly sworn to and acknowledged before me this 26 day of October, 2012, by Richard McDonnough, last named Vice President for The McDonnough's Investment Group, Incorporated, who is personally known to me or who produced the following identification: Personally Known and who did take an oath.

ROXANA GONZALEZ
MY COMMISSION # EE 133514
EXPIRES: September 26, 2015
Bonded Thru Budget Notary Services

Notary Public, State of Florida

My commission expires: 09/26/2015

17

MAIDEN 01569

| | |
|---|---|
| Witness [signature] | THREE CHEFS AND A CHICKEN, INC. |
| | By: [signature] |
| | Richard McDonnough, Pres. |
| Witness [signature] | Date: 10.25.12 |

The foregoing instrument was duly sworn to and acknowledged before me this 25 day of October, 2012, by Richard McDonnough, President for The Three Chefs and a Chicken, Inc., who is personally known to me or who produced the following identification: Personally Known, and who did take an oath.

ROXANA GONZALEZ
MY COMMISSION # EE 133514
EXPIRES: September 26, 2015
Bonded Thru Budget Notary Services

Notary Public, State of Florida

My commission expires: 09/26/2015

18

MAIDEN 01570