UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-23282-CIV-GOODMAN

[CONSENT CASE]

CHICKEN KITCHEN USA, LLC,

    Plaintiff,

v.

MAIDEN SPECIALTY INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS COUNT III

United States District Judge Joan A. Lenard previously dismissed without prejudice [ECF No. 94] Count III of Plaintiff Chicken Kitchen USA, LLC's Complaint [ECF No. 1]. Count III alleged punitive damages under Florida Statute § 624.155(5). Plaintiff filed a First Amended Complaint [ECF No. 101], which was amended shortly thereafter and replaced with a Second Amended Complaint [ECF No. 117]. After the filing of the Second Amended Complaint, the parties consented to full Magistrate Judge jurisdiction [ECF No. 133] and Judge Lenard referred [ECF No. 134] the case to the Undersigned for all further proceedings, including trial and entry of final judgment.

Defendant Maiden Specialty Insurance Company filed another motion to dismiss Count III -- the punitive damages claim -- of the Second Amended Complaint. [ECF No. 119]. Plaintiff opposed the motion, [ECF No. 120] and Defendant filed a reply [ECF No.

121]. For the reasons outlined below, the Undersigned **grants the motion and dismisses Count III.**

I.   FACTUAL BACKGROUND

Judge Lenard's order on the motion to dismiss sufficiently summarizes the facts alleged in the complaint. [ECF No. 94, pp. 1-6]. The Court adopts those facts as gleaned from Plaintiff's Complaint, which are deemed to be true for the purposes of ruling on Defendant's motion. The additional facts pled in the Second Amended Complaint are addressed in the analysis below.

II.  LEGAL STANDARD FOR MOTION TO DISMISS

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must take all well-pleaded facts in the plaintiff's complaint and all reasonable inferences drawn from those facts as true. *Jackson v. Okaloosa Cnty., Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994). "A pleading must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). While detailed factual allegations are not always necessary in order to prevent dismissal of a complaint, the allegations must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A complaint must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. *See also Iqbal*, 556 U.S. at 678 (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).

The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient **factual** matter, accepted as true, to 'state a claim to relief that is **plausible on its face**.'" *Iqbal*, 556 U.S. at 678. (quoting *Twombly*, 550 U.S. at 570) (emphasis added); *see also Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1288–90 (11th Cir. 2010).

### III.   ANALYSIS

To sustain a claim for punitive damages under Florida Statute § 624.155(5), a plaintiff must show "that the acts giving rise to the violation occur with such frequency as to indicate a general business practice and these acts are: (a) [w]illful, wanton, and malicious; (b) [i]n reckless disregard for the rights of any insured; or (c) [i]n reckless disregard for the rights of a beneficiary under a life insurance contract."

Judge Lenard previously dismissed Count III without prejudice because it was "the quintessential 'formulaic recitation of the elements of a cause of action' that is insufficient to state a claim under Rule 8." [ECF No. 94, p. 14] (quoting *Twombly*, 550

U.S. at 555). Judge Lenard's discussion also addressed Plaintiff's response to the motion to dismiss, where, in an attempt to bolster its allegations of a "general business practice," Plaintiff requested the Court take judicial notice of several complaints filed in other courts against Defendant.

Judge Lenard rejected this request on the grounds that the Court could not legally take judicial notice of those filings and "even if it could be judicially noticed, [Plaintiff] has not established [that Defendant has a general practice of acting in bad faith] because allegations in unsworn complaints filed in other cases cannot be used as evidence of an insurer's general business practices for purposes of establishing a punitive damages claim." [ECF No. 94, p. 15] (citing *Shannon R. Ginn Constr. Co. v. Reliance Ins. Co.*, 51 F. Supp. 2d 1347, 1354 (S.D. Fla. 1999) (finding that the plaintiff could not rely on unsworn complaints from cases in other jurisdictions to establish that an insurance company "conducts its claims practice unfairly")); *Tucker v. Am. Intern. Grp., Inc.*, 936 F. Supp. 2d 1, 22 (D. Conn. 2013) (noting, in a similar case and in response to a similar argument, that "an action that has not been decided on its merits does not result in any finding of wrongdoing on the part of the parties and is thus not admissible evidence of the facts alleged therein").

In the Second Amended Complaint, Plaintiff moves beyond the "quintessential formulaic recitation of the elements of a cause of action" by re-alleging and incorporating by reference specific paragraphs from earlier in the complaint. [ECF No.

117, pp. 18-19]. In paragraph 91, Plaintiff specifies which factual allegations from this case constitute the "general business practices" of which it is complaining. [*Id.*]. Additionally, instead of requesting that the Court take judicial notice of complaints filed against Defendant in other districts, Plaintiff simply pulls the facts alleged in those cases and includes them in this complaint "[u]pon information and belief[.]" [ECF No. 117, pp. 11-14]. After reviewing the Second Amended Complaint, I find that Plaintiff still has not alleged sufficient facts to support a claim for punitive damages.

Plaintiff's allegations of a general practice of "ignoring the rights of its insureds" boils down to two instances where Defendant allegedly did not pay out one hundred percent on claims, which were then disputed by the insureds. [*Id.*]. Specifically, in paragraphs 57 through 71, Plaintiff goes into great detail about the impact of Superstorm Sandy upon New York City's transit system. [*Id.*, at pp. 11-13]. Plaintiff describes the damage done, the claims submitted by Amtrak to Defendant, and Defendant's response to those claims -- namely, that it engaged in very detailed inspections and re-inspections of the damage and ultimately agreed to only pay significantly less than the claim. [*Id.*]. In paragraphs 72 through 75, Plaintiff describes the experience of an auto dealer in New York who also submitted a claim to Defendant after Superstorm Sandy and received less than the claimed amount from Defendant. [*Id.*, at p. 14].

Plaintiff alleges that these two instances, in addition to the facts specific to Plaintiff's individual case, constitute a "general practice" of Defendant not meeting its obligations to its insureds, which it says are grounds for punitive damages.

Plaintiff's Second Amended Complaint only describes Defendant's assessment of certain claims and infers that those assessments were incorrect. The Second Amended Complaint is missing crucial allegations of fact to support Plaintiff's inference that this insurer's refusal to pay out one hundred percent of these claims was actually (1) incorrect and (2) caused by specific, persistent unscrupulous behavior on behalf of the insurer. "[C]onclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). Plaintiff's new allegations in the Second Amended Complaint concerning Count III are the classic example of conclusory allegations and unwarranted deductions of fact.

These allegations are entirely conclusory, presenting the Court with only the observation that an insurer contested an insured's claims. This is hardly an unusual occurrence in the insurance field. *See Kafie v. Nw. Mut. Life Ins. Co.*, No. 11-21251, 2011 WL 4499051, at *12 (S.D. Fla. Sept. 27, 2011) (dismissing punitive damages claim for failure to satisfy the requirements of Florida Statute § 624.155, noting that the allegation that at least ten Florida claimants filed civil remedy notices "by itself does not provide enough factual matter" to support a punitive damages claim and explaining that "the

Court has no way of knowing whether ten CRNs in four years is indeed frequent"); *Shannon v. Fulton County, Ga.*, 51 F. Supp. 2d 1354 ("the mere fact that claims have been denied is not relevant to whether [the carrier] has engaged in unfair settlement practices as a general business practice").

If the observation that an insurer denied or reduced three claims was enough for an insured to assert punitive damages, then virtually *every* single insurance case could proceed with a punitive damages claim. That result is illogical and unworkable, of course, but it would be the natural consequence of Plaintiff's theory. Plaintiff's allegations are far too generalized and conclusive to support a claim for punitive damages, so the Undersigned therefore **grants** Defendant's motion to dismiss Count III.

**DONE AND ORDERED** in Chambers, at Miami, Florida, July 22, 2016.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All counsel of record